Christopher A. Sproul (Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Tel: (415) 533-3376
Fax: (415) 358-5695
csproul@enviroadvocates.com

Patricia Weisselberg (Bar No. 253015)
LAW OFFICE OF PATRICIA WEISSELBERG
115 Oakdale Avenue
Mill Valley, CA 94941
Tel: (415) 388-2303
pweisselberg@wans.net

Attorneys for Plaintiff
FRIENDS OF THE RIVER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| Friends of the River, | Case No. 2:16-cv-00818-JAM-EFB |
|---|---|
| Plaintiff, | STIPULATION AND ORDER TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT, YCWA COUNTERCLAIMS |
| v. | |
| National Marine Fisheries Service, *et al*., | |
| Defendants. | |

This Stipulation is entered into by and between Plaintiff Friends of the River, Defendant-Intervenor Yuba County Water Agency ("YCWA"), and Defendants National Marine Fisheries Service ("NMFS"), Penny Pritzker as Secretary of Commerce, United States Army Corps of Engineers ("Corps"), Lt. General Todd T. Semonite, Commanding General of the Corps, S.M.R. Jewell as Secretary of the Interior, Bureau of Land Management ("BLM"), and Neil Kornze, Director of the BLM.

WHEREAS, Plaintiff filed a Complaint for Declaratory and Injunctive Relief (Document No. 1) on April 20, 2016;

///

1  WHEREAS, on October 7, 2016, YCWA filed a motion to intervene, (Document No. 16), and,
2 on October 13, 2016, the Court issued an order granting YCWA's motion to intervene (Document No.
3 18);

4  WHEREAS, on October 17, 2016, YCWA filed a Counterclaim against Plaintiff in YCWA's
5 Answer alleging that Plaintiff's Ninth and Tenth Claims and parts of Plaintiff's Seventh Claim violated
6 the Restated Stipulation of Settlement Between Plaintiff and Defendant Yuba County Water Agency;
7 Amended Order Dismissing Plaintiff's Claims and Relief Against YCWA ("2009 Settlement
8 Agreement and Order") entered by this Court on June 15, 2009 in *South Yuba River Citizens*
9 *League, et al. v. National Marine Fisheries Service, et al.*, Case No. 2:06-CV-02845-LKK-JFM
10 (E.D. Cal. Document No. 291) because Plaintiff's Ninth and Tenth Claims and parts of Plaintiff's
11 Seventh Claim asserted claims relating to the Brophy Diversion (water diversion infrastructure owned
12 and operated by YCWA on the Yuba River) that the 2009 Settlement Agreement and Order bars
13 Plaintiff from asserting;

14  WHEREAS, YCWA contends that the allegations in paragraphs 126, 127, and 128 of Plaintiff's
15 Seventh Claim that the Corps has caused take of protected species in violation of Endangered Species
16 Act ("ESA") section 9, 16 U.S.C. § 1538(g), by issuing and extending a license to YCWA for the
17 Brophy Diversion, are barred by the 2009 Settlement Agreement and Order;

18  WHEREAS, Plaintiff does not admit that the 2009 Settlement Agreement and Order bars it from
19 bringing its Ninth and Tenth Claims and the aforementioned allegations in its Seventh Claim;

20  WHEREAS, the Parties, through their authorized representatives and without either adjudication
21 of Plaintiff's Ninth and Tenth Claims and the allegations in Plaintiff's Seventh Claim concerning the
22 Corps perpetuating take of protected species by issuing and extending a license to YCWA or admission
23 by the Defendants of any alleged violation or other wrongdoing in connection with these claims, have
24 chosen to resolve this action through settlement and to avoid the costs and uncertainties of litigation of
25 these claims;

26  WHEREAS, YCWA and the Plaintiff, through their authorized representatives and without
27 either adjudication of YCWA's Counterclaim against Plaintiff or admission by Plaintiff of any alleged
28

violation or other wrongdoing alleged in this Counterclaim, have chosen to resolve this Counterclaim through settlement and to avoid the costs and uncertainties of litigation of this claim;

WHEREAS, the Plaintiff shall be granted leave to file and shall file an Amended Complaint which shall omit any claims or allegations that YCWA contends are barred by the 2009 Settlement Agreement;

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ADJUDGED, ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. Plaintiff's Ninth and Tenth Claims are dismissed with prejudice and S.M.R. Jewell, the BLM and Neil Kornze, Director of BLM, are dismissed as parties, effective on the date that the Court issues an order approving this stipulation.

2. The portion of Plaintiff's Seventh Claim alleging, in paragraphs 126, 127, and 128, that the Corps has caused take of protected species in violation of ESA section 9, 16 U.S.C. § 1538(g), by issuing and extending a license to YCWA for the Brophy Diversion is dismissed with prejudice, effective on the date that the Court issues an order approving this stipulation.

3. YCWA's Counterclaim asserted in its Answer against Plaintiff is dismissed without prejudice, effective on the date that the Court issues an order approving this stipulation. However, YCWA shall not refile claims against Plaintiff for breach of the 2009 Settlement Agreement and Order so long as Plaintiff only pursues the claims and remedies remaining in the Amended Complaint.

4. Plaintiff shall be granted leave to file and shall file Plaintiff's Amended Complaint attached hereto as Exhibit A within five days of the Court issuing an order approving this stipulation; Plaintiff and YCWA agree that the Amended Complaint does not assert any claims or allegations that are, or pray for any relief that is, barred by the 2009 Settlement Agreement.

5. All Defendants shall have 30 days from the date that Plaintiff files its Amended Complaint to file Answers to the Amended Complaint.

1    6. Plaintiff shall not in this case seek any order from the Court that would directly or indirectly
2 require YCWA to reduce diversions of water from the Brophy Diversion, restrict YCWA from operating
3 the Brophy Diversion, or require YCWA to modify the Brophy Diversion.
4    7. Plaintiff may pursue the following allegations in its Amended Complaint: [1]
5    (a) the allegations in its First Claim that the Corps' October 2013 Biological Assessment for the
6 U.S. Army Corps of Engineers' Ongoing Operation and Maintenance of Englebright Dam and Reservoir
7 on the Yuba River ("Englebright BA") is arbitrary, capricious, an abuse of discretion and not in
8 accordance with the ESA because it excludes the Corps' issuance and ongoing administration of a
9 license to YCWA for the operation of the Brophy Diversion from the Corps' actions on the Yuba River
10 ("Corps Yuba Action") that presently require ESA consultation;
11    (b) the allegations in its Second Claim that NMFS's concurrence ("Englebright Concurrence"), in
12 a letter to Colonel Michael J. Farrell, Commander, U.S. Army Corps of Engineers, Sacramento District,
13 on May 12, 2014 (File Number WCR-2013-3), with the Englebright BA's narrow definition of the Corps
14 Yuba Action is arbitrary, capricious, an abuse of discretion and not in accordance with the ESA to the
15 extent that NMFS determined that the Corps' issuance and ongoing administration of the Corps' license
16 for the Brophy Diversion is a future action for which no ESA consultation is presently required;
17    (c) the allegations in its Third Claim that the May 12, 2014 Biological Opinion for the Corps'
18 Operation and Maintenance of Daguerre Point Dam and Fish Ladders ("Daguerre BiOp") is arbitrary,
19 capricious, an abuse of discretion, and not in accordance with the ESA because it does not analyze the
20 entire Corps Yuba Action, which should lawfully include the Corps' issuance and ongoing
21 administration of the license to YCWA for operation of the Brophy Diversion;
22    (d) the allegations in its Fourth Claim that NMFS's rescision of the February 29, 2012
23 Biological Opinion for the U.S. Army Corps of Engineers Operation and Maintenance of Englebright
24 and Daguerre Point Dams and Englebright Reservoir on the Yuba River (File number
25 151422SWR2006SA00071) ("2012 BiOp") and its replacement with the legally inadequate Daguerre

---

[1] Federal Defendants do not join in ¶7 of this Stipulation.

BiOp is arbitrary, capricious, an abuse of discretion and not in accordance with the ESA because the Daguerre BiOp did not analyze the Corps' issuance and ongoing administration of the license for the Brophy Diversion as part of the Corps Yuba Action; and

(e) the allegations in its Fifth Claim that the Corps has failed to comply with its ESA section 7(a)(2) procedural duties by failing to include the Corps' issuance and ongoing administration of the license for the Brophy Diversion in its Englebright BA and by failing to include this licensing as part of the Corps Yuba Action upon which the Corps and NMFS consulted.

As the sole relief for the allegations in the First, Second, Third, Fourth and Fifth Claims discussed in subparagraphs (a)-(e) above, Plaintiff shall seek an order ruling that the Daguerre BiOp, the Englebright Concurrence, and the Englebright BA are arbitrary and capricious, and that the Corps violated its ESA section 7(a)(2) procedural duties, vacating the Englebright Concurrence and Daguerre BiOp, and requiring the reinitiation of consultation between NMFS and the Corps over the Corps' issuance, ongoing administration, or extension of a license to YCWA for the Brophy Diversion. Defendants do not waive and may assert any defenses to Plaintiff's claims or requested remedies in this paragraph.

8. This stipulation shall not limit the rights of each Defendant and YCWA to deny any of the allegations described in the preceding paragraphs, to assert any defenses, or to oppose the request for relief described in the preceding paragraph.

9. Plaintiff and YCWA shall bear their own costs in conjunction with Plaintiff's Ninth and Tenth Claims, the dismissed portions of Plaintiff's Seventh Claim, and YCWA's counterclaim against Plaintiff. Plaintiff agrees not to file a memorandum of costs with the Court against YCWA, or otherwise claim or seek to recover costs or attorneys' fees against YCWA, in connection with this Action. Plaintiff further agrees that this Stipulation shall not provide grounds to claim or seek any form of compensation from Federal Defendants for attorneys' fees, expert fees, or costs of litigation incurred from Plaintiff's litigation against YCWA in this matter (including for time expended preparing this stipulation or the Amended Complaint contemplated in Paragraphs 2 and 3 of this stipulation) where such compensation is otherwise prohibited by law.

Dated: November 23, 2016                          Respectfully submitted,

/s/ Christopher a Sproul
Christopher A. Sproul
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Tel: (415) 533-3376
Fax: (415) 358-5695
Email: csproul@enviroadvocates.com

Patricia Weisselberg
LAW OFFICE OF PATRICIA WEISSELBERG
115 Oakdale Avenue
Mill Valley, CA 94941
Tel: (415) 388-2303
Email: pweisselberg@wans.net

Attorneys for Plaintiff
FRIENDS OF THE RIVER

John C. Cruden
Assistant Attorney General
Environment & Natural Resources Division
S. Jay Govindan, Assistant Chief

 /s/Travis Annatoyn
Travis Annatoyn, Trial Attorney
Trent S.W. Crable, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0339 Fax: (202) 305-0275

Attorneys for the Federal Defendants

/s/ Howard F. Wilkins III
Howard F. Wilkins III
L. Elizabeth Sarine
REMY MOOSE MANLEY, LLP
555 Capitol Mall, Suite 800
Sacramento, California 95814
Telephone: (916) 443-2745
Facsimile: (916) 443-9017
Email: hwilkins@rmmenvirolaw.com

Attorneys for Defendant-Intervenor

## **ORDER**

Pursuant to stipulation, **IT IS SO ORDERED.**

Dated: 11/28/16

/s/ John A. Mendez_____
Hon. John A. Mendez
United States District Court Judge