UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF THE RIVER, a non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>    Defendants. | No. 2:16-cv-00818-JAM-JDP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND STAY, DENYING PLAINTIFF'S MOTION FOR REMAND SCHEDULE** |

This matter is before the Court on Friends of the River's ("Plaintiff") motion for an order of remand, remand schedule, and stay of Section 9 claim. Mot. to Remand and Stay, ECF No. 85. The National Marine Fisheries Service ("NMFS") and the United States Army Corps of Engineers ("CORPS") (collectively, "Federal Defendants") partially opposed this motion. Defs.' Resp., ECF No. 86. Intervenor Defendants, Yuba County Water Agency, also partially opposed this motion. Intervenor Def.'s Opp'n., ECF No. 87.

For the reasons set forth below, the Court GRANTS Plaintiff's motion for an order of remand, DENIES Plaintiff's motion for a remand schedule and GRANTS Plaintiff's motion for

1

stay of their Section 9 claim during the remand.[1]

## I.  BACKGROUND

The Corps operates and maintains two dams on the Yuba River, Daguerre Point, and Englebright.  First Amended Compl. ("FAC"), ECF No. 25 ¶ 46.  On May 12, 2014, the NMFS issued a biological opinion ("BiOp") for Daguerre finding that the Corp's activities were not likely to jeopardize the survival or recovery of three fish species listed as threatened under the Endangered Species Act ("ESA").  FAC ¶ 94.  NMFS also issued a letter of concurrence ("LOC") agreeing with the Corp's assessment that its activities at Englebright were not likely to adversely affect the listed species.  FAC ¶ 95.  Plaintiff brought nine claims against Federal Defendants challenging these decisions under both the Administrative Procedure Act ("APA") and the ESA.  See generally FAC.  In an order issued February 22, 2018, this Court denied Plaintiff's motion for summary judgment and granted summary judgment to the Defendants.  Order, ECF No. 62.

The 9th Circuit reversed and remanded in part this Court's grant of summary judgment, finding that the NMFS' 2014 BiOp and LOC were arbitrary and capricious.  Friends of the River v. NMFS, 786 Fed. App'x 666, 669 (9th Cir. 2019).  Additionally, the 9th Circuit found that Plaintiff's Section 9 "take" claim was not adequately considered and directed this Court to consider the legal merits of the claim.  Id. at 670-71.  Considering the 9th Circuit's ruling, Plaintiff now moves this Court to order a

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 15, 2020.

2

remand to the NMFS so it can reassess its 2014 BiOp and LOC, as well as a stay of the Section 9 claim during the remand.  Mot. 2-3. Both Federal and Intervenor Defendants agree that the Section 9 claim should be stayed.  Resp. 1; Opp'n 3.

## II.  OPINION

### A.  NMFS Options on Remand

#### 1.  Legal Standard

If the grounds for agency action are inadequate and a court remands that action as a result, the agency on remand may either "offer a fuller explanation of the agency's reasoning at the time of the agency action" or "[a]lternatively, the agency can deal with the problem afresh by taking new agency action." <u>Dep't of Homeland Sec. v. Regents of the Univ. of Cal.</u>, 140 S. Ct. 1891, 1907-08 (2020) (internal quotation marks and citation omitted).

#### 2.  Analysis

Plaintiff and Federal Defendants agree that on remand the NMFS may choose to either offer a more in-depth explanation of its original findings, or it can deal with the problem afresh by taking new agency action.  Resp. 4; Pls.' Reply 1-2, ECF No. 89. However, Intervenor Defendants disagree, arguing that the language of the 9th Circuit's Order limits the NMFS on remand to only providing a "fuller explanation, based on the existing record of proceedings."  Opp'n 13.

The Court agrees with Plaintiff and Federal Defendants that the NMFS may comply with the 9th Circuit's Order by taking a new agency action, in this case issuing a new BiOp, if it so chooses. Resp. 4; Reply 1-2. Intervenor Defendants are correct

3

that, in its Order, the 9th Circuit directed a remand of the 2014 opinions to the NMFS "for further explanation." Friends of the River, 786 Fed. App'x at 668.  However, the Order also directed this Court to remand to the NMFS so that it may "reassess" its 2014 opinions, indicating that the NMFS may also choose to change its approach by adopting a new BiOp. Id. at 670.  This is consistent with the 9th Circuit's citation to Florida Power & Light Corporation for the proposition that "if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation *or* explanation." Id. (quoting Fla. Power & Light co. v. Lorion, 470 U.S. 729, 744 (1985)) (emphasis added).  Further, the Supreme Court's recent decision in Department of Homeland Security, makes clear that on remand an agency may either provide a better explanation of its action or engage in a new agency action. Dep't of Homeland Sec., 140 S. Ct. at 1908.

Additionally, Intervenor Defendant's suggest that the ESA itself prevents NMFS from engaging in a new agency action. Opp'n 12-14.  First, they argue that under the ESA the decision to reinitiate consultation rests with the action agency, in this case the Corps. Opp'n 12.  The Court disagrees.  While the NMFS may lack authority to order the Corps to comply with its request for consultation, see Sierra Club v. Marsh, 816 F.2d 1376, 1386 (9th Cir. 1987), it does have the authority to reinitiate consultation when circumstances warrant, see Salmon Spawning & Recovery All. v. Gutierrez, 545 F.3d 1220, 1229 (9th Cir. 2008).

Thus, on remand the NMFS may choose to reinitiate consultation, in collaboration with the Corps and issue a new BiOp.  Second, Intervenor Defendants argue that the NMFS may not redefine the scope of the proposed agency action.  Opp'n 14.  However, as Plaintiff points out, this was an issue on appeal that the 9th Circuit did not reach because of the inadequacies of the BiOp and LOC.  Reply 7.  As such, this issue need not be addressed by the Court at this time but may be relitigated by the parties after NMFS completes its work on remand.

     B.   Conditions on Remand

         1.   Legal Standard

Although "courts may not 'usurp[]an administrative function' they retain equitable powers to shape an appropriate remedy", including the parameters of a remand order.  Friends of Wild Swan v. U.S. Envitl. Prot. Agency, 74 F. App'x 718, 721-22 (9th Cir. 2003) (quoting FPC v. Idaho Power Co., 344 U.S. 17, 20 (1952)).

         2.   Analysis

Plaintiff and Intervenor Defendants both argue that the Court should impose a schedule for the NMFS on remand.  Mot. 4-5; Opp'n 4.  Additionally, Plaintiff urges this Court to require the NMFS to file quarterly reports documenting its progress.  Mot. 7.  While the Court is sympathetic to the parties' desire for a prompt resolution given the various interests and threatened species at stake, the Court declines to impose a schedule in this case.  Because the NMFS has the discretion to decide how it will comply with the remand order, it is difficult to determine how long it will take.  Resp. 5.  Additionally, the

usual complexities of issuing a thorough BiOp, coupled with the new uncertainties of operating during the COVID-19 pandemic, warrant giving NMFS flexibility in complying with the remand. Grothe Decl. 4-5.  As the agency entrusted with ensuring compliance with the ESA, the Court is confident that the NMFS will comply with the remand order "as expeditiously as possible in coordination with the Corps" under the circumstances.  Resp. 5. The Court will however continue to monitor NMFS' compliance with this Order by requiring the parties to file periodic joint status reports that include specific details regarding the work completed and actions taken by NMFS as well as best estimates as to when its work will be completed. The first joint status order shall be filed ninety days from the date of this Order, i.e. January 29, 2021 and every ninety days thereafter until the matter is ready for further review by this Court.

## III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to remand and DENIES Plaintiff's Motion for a remand schedule.  Plaintiff's Motion to stay consideration of the Section 9 claim during the remand period is GRANTED.

IT IS SO ORDERED[2].

Dated: October 30, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] The court agrees with Defendants that entry of judgement is premature at this stage.  See Nat. Res. Def. Council v. Evans, 243 F. Supp.2d 1046, 1047 (N.D. Cal. 2003) ("An order remanding a matter to an administrative agency is a non-final interlocutory order.").

6