UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF THE RIVER, | No. 2:16-cv-00818-DJC-JDP |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL MARINE FISHERIES SERVICE, et al., | |
| Defendants. | |

Plaintiff and Federal Defendants dispute whether extra-record evidence can properly be included and considered in the forthcoming Motions for Summary Judgment. Plaintiff seeks to include evidence outside of the administrative record in connection with summary judgment. (*See* Mot. (ECF No. 159).) Federal Defendants contend that this is improper and that only the administrative record should be considered when ruling on Motions for Summary Judgement. (*See* Opp'n (ECF No. 164).) For the reasons stated below, the Court will grant Plaintiff's Motion (ECF No. 159).

This issue has been the subject of repeated litigation in this and other district courts. The source of much of this litigation is the Ninth Circuit's decision in *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (2011). In *Kraayenbrink*, the Ninth Circuit determined that for claims under the Endangered Species Act ("ESA"), they

could consider evidence "outside the administrative record[.]" 632 F.3d at 498. Based on this, numerous other district courts have found that it was proper for the Court to consider extra-record evidence in ruling on summary judgment. *See e.g., Friends of the Clearwater v. Higgens*, 523 F. Supp. 3d 1213, 1221 (D. Idaho 2021); *Nat. Resources Def. Council v. Zinke,* 347 F. Supp. 3d 465, 501 (E.D. Cal. 2018); *Hoopa Valley Tribe v. Nat'l Marine Fisheries Serv.*, 230 F. Supp. 3d 1106, 1125 (N.D. Cal. 2017) *White v. U.S. Army Corp. of Eng'rs*, No. 3:22-cv-06143-JSC, 2024 WL 24322, at *2 (N.D. Cal. 2024). This is not without some dispute; the Ninth Circuit's later statement in *Karuk Tribe of California v. U.S. Forest Service,* that "[a]n agency's compliance with the ESA is reviewed under the Administrative Procedures Act" which does not permit extra-judicial evidence has been a point of litigation in several ESA actions. 681 F.3d 1006, 1017 (9th Cir. 2012); *see Ctr. For Biological Diversity v. Wolf*, 447 F. Supp. 3d 965, 970–972 (D. Ariz. 2020) (describing the confusion regarding the use of extra-record evidence in ESA actions). However, the weight of authority still leans toward the finding that some amount of extra-record evidence is permissible for ESA claims.

More importantly, this issue has already been litigated in this action when it was assigned to Senior District Judge John A. Mendez. (*See* ECF No. 62 at 14–15.) Judge Mendez considered and <u>expressly</u> rejected Federal Defendants' argument that the scope of review should be limited to the administrative record. (*Id.*) This ruling represents the law of the case. *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) ("The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal citations and quotation marks omitted).) Federal Defendants suggest that the law-of-the-case doctrine does not apply because Plaintiff has since amended their complaint since Judge Mendez's ruling. (Opp'n at 9–10.) But this exception to the law of the case doctrine is intended to apply where the amended complaint presents new facts or claims. *See Borenstein v. Animal Found.*, No. 2:19-cv-00985-CDS-NJK, 2023 WL 2810258, at *4 n.6 (D. Nev.

Apr. 5, 2023). It is not applicable here as the issue resolved by Judge Mendez is not one altered by Plaintiff amending their complaint.

None of the other exceptions to the law of the case doctrine apply. *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (identifying that the law-of-the-case doctrine did not apply where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.") Federal Defendants contend that the law-of-the-case doctrine should not apply "there is relevant new law" for this Court to consider but throughout Federal Defendants' Opposition, they only cite three district court decisions issued after Judge Mendez's original order. (Opp'n at 7–8 (citing *350 Mont. v. Bernhardt*, 443 F. Supp. 3d 1185 (D. Mont. 2020), *All. for the Wild Rockies v. Probert*, 412 F. Supp. 3d 1188 (D. Mont. 2019), and *Wolf*, 447 F. Supp. 3d 965.) At least one of these decisions found that ESA claims should be afforded a different, more permissive standard for supplementation of the administrative record, *see Wolf*, 447 F. Supp. 3d at 972, and all of these decisions are only persuasive authority. Federal Defendants cite no intervening Ninth Circuit authority abrogating or overruling *Kraayenbrink*. Just like subsequent district court decisions finding that extra-record evidence is admissible, the district court decisions cited by Federal Defendants simply represent the ongoing confusion and dispute on this issue. None of these cases provides new law to justify the Court deviating from Judge Mendez's decision and finding it to no longer be law-of-the-case.

////

////

////

////

////

////

3

Accordingly, Plaintiff's Motion to Utilize Extra-Record Evidence (ECF No. 159) is GRANTED.  Plaintiff will be permitted to provide evidence outside the administrative record in litigating summary judgment.[1]  Federal Defendants' Motion to Stay Summary Judgment Briefing until this issue is resolved (ECF No. 160) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:  **April 10, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – FOR16cv00818.extrarecordevidence

---

[1] The Court notes that this Order only means that extra-record evidence is admissible generally but does not mean that all pieces of evidence Plaintiff seeks to include are deemed to be admissible and will be considered by the Court.  Defendants may still object to the admissibility of any specific extra-record evidence Plaintiffs seek to utilize.

4